**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**AFFORDABLE AERIAL PHOTOGRAPHY,
INC., a Florida Corporation,**

       **Plaintiff,**                              **CASE NO.: 22-CV-80559-RAR**

**v.**

**ESTHER VICTORIA ARCURI, P.A., d/b/a
VICKI ARCURI REALTOR and d/b/a
VICKI ARCURI, P.A., a Florida
Professional Association, ESTHER V.
ARCURI, an individual, and MDLV, LLC d/b/a ONE
SOTHEBY'S INTERNATIONAL REALTY, a Florida
Limited Liability Company**

       **Defendants.**

_____/

### SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP" or "Plaintiff"), a Florida corporation, by and through its undersigned counsel, hereby files this Complaint against Defendants, ESTHER VICTORIA ARCURI, P.A. d/b/a VICKI ARCURI REALTOR and d/b/a VICKI ARCURI, P.A. ("Arcuri, P.A."), a Florida professional association, ESTHER V. ARCURI, an individual ("E. Arcuri"), and MDLV, LLC d/b/a ONE SOTHEBYS INTERNATIONAL REALTY ("One Sothebys") a Florida limited liability company (collectively "Defendants").

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking monetary relief for Defendants' intentional infringement of Plaintiff's copyrighted works registered under Registration Numbers VA 2-097-651, VA 1-966-132, VA 2-098-016, VA 1-881-439, VA 2-059-014, and VA 1-967-114 (the "Copyrighted Works").

2.      Plaintiff's principal photographer and founder is Mr. Robert Stevens ("Mr. Stevens"). Mr. Stevens is an experienced professional photographer who makes a living from photography. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past nine years, Mr. Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach, listed for $125 million. From Palm Beach to California, the Bahamas, and New York, Mr. Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumbel, and Chris Evert.

3.      Defendant Arcuri, P.A. is a real estate professional association licensed in the State of Florida.

4.      Defendant E. Arcuri, upon information and belief, is a licensed real estate professional who does business under Defendant Arcuri, P.A.

5.      Defendant One Sothebys is a real estate Florida limited liability company licensed to do business in the State of Florida.

6.      Upon information and belief, Defendants Arcuri, P.A. and/or E. Arcuri ("Defendants Arcuri") were employed by One Sothebys as real estate agents during the period of infringement, and One Sotheby's provided brokerage services to Defendants Arcuri.

7.      Without permission, license, or consent, and in an effort to promote their own business, Defendants Arcuri, first on their own, and later in concert with One Sothebys, improperly copied, displayed, or distributed Plaintiff's Copyrighted Works in the promotional listings of numerous real estate properties.

8.      Specifically, and as further detailed below, Defendants Arcuri operated a website, www.vickierealestate.com, to which Defendants Arcuri, without authorization, uploaded digital images of Plaintiff's Copyrighted Works, thereby infringing Plaintiff's Copyrighted Works.

9.      Defendant One Sothebys later joined in on Defendants Arcuri's infringement of Plaintiff Copyrighted Works by listing its name as a copyright owner on the webpages of the www.vickierealestate.com website, which unauthorizedly featured Plaintiff's Copyrighted Works during Defendants Arcuri's employment with One Sothebys.

10.     In several instances, certain Copyrighted Works were not just simply copied but were also altered by Defendants Arcuri by removing Plaintiff's Copyright Management Information ("CMI") and placing their own watermark, www.vickierealestate.com, on certain Copyrighted Works in an effort to claim ownership.

11.     By these actions, Plaintiff seeks actual damages, plus any additional profits obtained by Defendants attributable to the infringement or, in the alternative, statutory damages where applicable.

## JURISDICTION AND VENUE

12.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

13.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has personal jurisdiction over Defendant Arcuri, P.A. because, among other reasons, Defendant Arcuri P.A. is incorporated, has a principal place of business, and has solicited and conducted business in the State of Florida and this judicial district.

15.     Similarly, this Court has personal jurisdiction over Defendant E. Arcuri because E. Arcuri resides and has solicited and conducted business in the State of Florida and this judicial district.

16.     This Court has personal jurisdiction over Defendant One Sothebys because, among other reasons, Defendant One Sothebys represents that it is incorporated in Florida, has a principal place of business in Florida, and has solicited and conducted business in the State of Florida and this judicial district.

17.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because the events giving rise to the claims occurred in this district. Defendants engaged in infringement in this district, Defendants, reside in this district, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

18.     AAP is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 1938 Grey Falcon Circle SW, Vero Beach, FL 32962. AAP specializes in high-end aerial photographs, slide shows, virtual tours, and a full array of stock photography for the luxury real estate industry.

19.     Defendant Arcuri P.A. is a corporation organized and existing under the laws of the State of Florida, with a principal place of business located at 2923 Tortola Way, Cooper City, FL 33024.

20.     Defendant Arcuri P.A. is licensed by the Florida Department of Business and Professional Regulation ("DBPR") as a Real Estate Sales Associate (License No. SL3186666) and is engaged in the business of, among other things, advertising, marketing, and selling real estate.

21.     Defendant E. Arcuri is the owner of Defendant Arcuri P.A. and, upon information and belief, is also licensed by the Florida DBPR for real estate.

22.     Defendant One Sothebys is a corporation organized and existing under the laws of the State of Florida, with a principal place of business located at 1430 S. Dixie Hwy, Suite 110, Coral Gables, FL 33146.

4

23.     Defendant One Sothebys is licensed by the Florida DBPR as a Real Estate Corporation (License No. BO2031694) and is engaged in the business of, among other things, advertising, marketing, and selling real estate.

## THE COPYRIGHTED WORKS AT ISSUE AND SUMMARY OF INFRINGEMENT

### Aragon of Boca Aerial Front 2010 AAP

24.     In 2010, Mr. Stevens (as an employee of AAP) created a photographic work, published in 2010, depicting an aerial view of Aragon Condominiums (hereinafter "Aragon of Boca Aerial work"). Mr. Stevens is responsible for selecting the unique angles and perspectives for this work. In this case, specific technical choices made by Mr. Stevens further highlight the vibrant colors of the scenery, ultimately giving the work its originality and beauty.

25.     The Aragon of Boca Aerial work was submitted for copyright registration on April 6, 2018 and obtained Registration Number VA 2-097-651 with an effective date of April 6, 2018. A true and correct copy of VA 2-097-651 and the Aragon of Boca Aerial work is attached hereto collectively as Exhibit "1."

26.     As is evident in the Aragon of Boca Aerial work included in Exhibit 1, Plaintiff's CMI was included on the Aragon of Boca Aerial work.

27.     Defendants Arcuri and Defendant One Sothebys utilized the Aragon of Boca Aerial work registered under VA 2-097-651 to market the sale of several properties located at the Aragon Condominiums.

28.     Specifically, Defendants Arcuri and Defendant One Sothebys utilized the copyrighted Aragon of Boca Aerial work on www.vickierealestate.com. A true and correct copy of a screenshot of the website as captured by Plaintiff is attached hereto as Exhibit "2," showing infringement and a working relationship between Defendants Arcuri and Defendant One Sothebys.

29.     Upon information and belief, Defendant One Sothebys' functioned as the real estate broker in relation to the advertisement and sale of properties located at the Aragon Condominiums by Defendants Arcuri[1], advertisements which included the Aragon of Boca Aerial work as shown in Exhibit 2, and thus had a financial interest and control over the actions of Defendants Arcuri.

30.     As is visible in Exhibit 2, Defendant Vicki Arcuri, P.A., and Defendant One Sothebys are both listed as copyright owners on the webpage of the www.vickierealestate.com website featuring Plaintiff's Aragon of Boca Aerial work.

31.     As shown in Exhibit 2, Plaintiff's CMI is not visible in Plaintiff's Aragon of Boca Aerial work on the www.vickierealestate.com website, collectively used by Defendants Arcuri and One Sothebys.

32.     To further compound its unauthorized use of Plaintiff's Aragon of Boca Aerial work, Defendants Arcuri included the watermark, www.vickierealestate.com, to signify their wrongful ownership of Plaintiff's work, thereby inducing, enabling, facilitating, and/or concealing their infringement.

**Bellaria Aerial A 2010 AAP**

33.     In 2010, Mr. Stevens (as an employee of AAP) created a photographic work, published July 31, 2013, depicting an aerial view of the Bellaria Condominiums in Palm Beach, Florida ("Bellaria Aerial work"). Mr. Stevens is responsible for selecting the unique angles and perspectives for this work. In this case, specific technical choices made by Mr. Stevens further highlight the vibrant colors of the scenery, ultimately giving the work its originality and beauty.

---

[1] Upon information and belief, Defendants Arcuri did not possess a real estate brokerage license at the time of infringement, necessitating the use of the brokerage services offered by Defendant One Sothebys.

34.     The photographic work was submitted for copyright registration in 2015 and obtained Registration Number VA 1-966-132 with an effective date of July 15, 2015. A true and correct copy of VA 1-966-132 and the Bellaria Aerial work is collectively attached as Exhibit "3."

35.     As is evident in the Bellaria Aerial work included in Exhibit 3, Plaintiff's CMI was included in the Bellaria Aerial work.

36.     Upon information and belief, Defendant One Sotheby's functioned as the real estate broker in relation to the advertisement and sale of properties located at the Bellaria Condominiums by Defendants Arcuri[2], advertisements which included the Bellaria Aerial work as shown in Exhibit 4.

37.     In its role as employer of Defendants Arcuri, suggested by Defendant One Sothebys' being listed as an owner of the website at issue,  and broker for the sale of properties located at the Bellaria Condominiums by Defendants Arcuri, Defendant One Sothebys had financial interest and control over the actions of Defendants Arcuri.

38.     As shown in Exhibit 4, Defendants Arcuri and One Sothebys were utilizing the Bellaria Aerial work registered under 1-966-132 to market the sale of several properties located at the Aragon Condominiums through the www.vickierealestate.com website.

39.     Specifically, as is visible in Exhibit 4, Defendant Vicki Arcuri, P.A. and Defendant One Sothebys are listed as copyright owners on the webpage of the www.vickierealestate.com website featuring Plaintiff's Bellaria Aerial work.

---

[2] Upon information and belief, Defendants Arcuri did not possess a real estate brokerage license at the time of infringement, necessitating the use of the brokerage services offered by Defendant One Sothebys.

40.     As is further shown in Exhibit 4, Plaintiff's CMI is not visible in Plaintiff's Bellaria

Aerial work on the www.vickierealestate.com website, collectively used by Defendants Arcuri and

One Sothebys.

41.     To further compound their unauthorized use of Plaintiff's Bellaria Aerial work,

Defendants Arcuri included the watermark, www.vickierealestate.com, to signify their wrongful

ownership of Plaintiff's work, thereby inducing, enabling, facilitating, and/or concealing their

infringement.

**One Singer Island Aerial C 2010 AAP**

42.     In 2010, Mr. Stevens (as an employee of AAP) created a photographic work,

published July 31, 2013, depicting an aerial view of the One Singer Island Condominiums in Palm

Beach, Florida ("One Singer Island Aerial C 2010 work" or "One Singer Island work"). Mr.

Stevens is responsible for selecting the unique angles and perspectives for this work. In this case,

specific technical choices made by Mr. Stevens further highlight the vibrant colors of the scenery,

ultimately giving the work its originality and beauty.

43.     The photographic work was submitted for copyright registration in 2015 and

obtained Registration Number VA 1-966-132 with an effective date of July 15, 2015. A true and

correct copy of VA 1-966-132 and the One Singer Island work are collectively attached as Exhibit

"5."

44.     As is evident in the One Singer Island work included in Exhibit "5", Plaintiff's

CMI was included on the One Singer Island work.

45.     Upon information and belief, Defendants Arcuri worked for Defendant One

Sothebys, with Defendant One Sothebys functioning as broker for the sale of properties located at

the One Singer Island Condominiums by Defendants Arcuri, wherein Defendant One Sothebys

had financial interest and control over the actions of Defendants Arcuri.

46.     Defendants Arcuri and Defendant One Sothebys utilized the One Singer Island work registered under VA 1-966-132 to market the sale of several properties located at the One Singer Island Condominiums, including utilizing the copyrighted One Singer Island work on www.vickierealestate.com. A true and correct copy of a screenshot of the website as captured by Plaintiff is attached hereto as Exhibit "6".

47.     Specifically, as shown in Exhibit 6, Defendant Vicki Arcuri, P.A. and Defendant One Sothebys are listed as copyright owners on the webpage featuring the One Singer Island work on the www.vickierealestate.com website.

48.      Further, Plaintiff's CMI is not visible in Plaintiff's work on the website collectively used by Defendants Arcuri and One Sothebys.

49.      To further compound their unauthorized use of Plaintiff's One Singer Island work, Defendants Arcuri included the watermark, www.vickierealestate.com, to signify their wrongful ownership of Plaintiff's One Singer Island work. *Id.*

**Boynton Beach Inlet Aerial C 2009 AAP**

50.     In 2009, Mr. Stevens (as an employee of AAP) created a photographic work, published July 31, 2013, depicting an aerial view of the Boynton Beach Inlet in Florida ("Boynton Beach Inlet Work"). Mr. Stevens is responsible for selecting the unique angles and perspectives for this work. In this case, specific technical choices made by Mr. Stevens further highlight the vibrant colors of the scenery, ultimately giving the work its originality and beauty.

51.     The photographic work was submitted for copyright registration in 2018 and obtained Registration Number VA 2-098-016 with an effective date of April 06, 2018. A true and correct copy of VA 2-098-016 and the Boynton Beach Inlet work are collectively attached as Exhibit 7.

52.     As is evident in the Boynton Beach Inlet work included in Exhibit 7, Plaintiff's

9

CMI was included on the Boynton Beach Inlet work.

53.     Upon information and belief, Defendants Arcuri worked for Defendant One Sothebys, with Defendant One Sothebys functioning as broker in the sale of properties identified as East Boynton Beach Homes, wherein Defendant One Sothebys had financial interest and control over the actions of Defendants Arcuri.

54.     Defendants Arcuri and One Sothebys were utilizing the Boynton Beach Inlet work registered under VA 2-098-016 to market the sale of several properties identified as East Boynton Beach Homes by, at minimum, featuring the copyrighted Boynton Beach Inlet work on the www.vickierealestate.com website. A true and correct copy of screenshots of the website as captured by Plaintiff is attached hereto as Exhibit 8.

55.     Specifically, as shown in Exhibit 8, Defendant Vicki Arcuri, P.A. and Defendant One Sothebys are listed as copyright owners on the webpage featuring the Boyton Beach Inlet work on the www.vickierealestate.com website.

56.     As further shown in Exhibit 8, Plaintiff's CMI is not visible in Plaintiff's work on the website collectively used by Defendants Arcuri and One Sothebys.

**Point Manalapan**

57.     In 2008, Mr. Stevens (as an employee of AAP) created a photographic work published on December 29, 2008, depicting an aerial view of the Point Manalapan in Florida ("Point Manalapan work"). Mr. Stevens is responsible for selecting the unique angles and perspectives for this work. In this case, specific technical choices made by Mr. Stevens further highlight the vibrant colors of the scenery, ultimately giving the work its originality and beauty.

58.     The photographic work was submitted for copyright registration and obtained Registration Number VA 1-881-439 with an effective date of August 2, 2013. A true and correct copy of VA 1-881-439 and the Point Manalapan work is collectively attached as Exhibit 9.

59.     As is evident in the Point Manalapan work included in Exhibit 9, Plaintiff's CMI was included on the Boynton Beach Inlet work, specifically the inclusion of Mr. Stevens' name, who assigned the work to Plaintiff.

60.     Upon information and belief, Defendants Arcuri worked for Defendant One Sothebys, with Defendant One Sothebys functioning as broker in the sale of properties identified as Manalapan Homes by Defendants Arcuri, wherein Defendant One Sothebys had financial interest and control over the actions of Defendants Arcuri.

61.     Defendants Arcuri and One Sothebys were utilizing the Point Manalapan work registered under VA 1-881-439 in marketing the sale of several properties identified as Manalapan Homes by, at minimum, featuring the copyrighted Point Manalapan work on the www.vickierealestate.com website. A true and correct copy of screenshots of the website as captured by Plaintiff is attached hereto as Exhibit 10.

62.     Specifically, as shown in Exhibit 10, Defendant Vicki Arcuri, P.A. and Defendant One Sothebys are listed as copyright owners on the webpage featuring the One Singer Island work on the www.vickierealestate.com website

63.     As further shown by Exhibit 10, Plaintiff's CMI is not visible in Plaintiff's work on the website used by Defendants Arcuri and One Sothebys.

**Singer Island Welcome Aerial Pano 2008 AAP**

64.      In 2010, Mr. Stevens (as an employee of AAP) created a photographic work published on March 13, 2010, depicting an aerial view of Singer Island in Florida ("Singer Island Welcome Aerial work"). Mr. Stevens is responsible for selecting the unique angles and perspectives for this work. In this case, specific technical choices made by Mr. Stevens further highlight the vibrant colors of the scenery, ultimately giving the work its originality and beauty.

65.     The photographic work was submitted for copyright registration in 2017 and obtained Registration Number VA 2-059-014 with an effective date of June 23, 2017. A true and correct copy of VA 2-059-014 and the Singer Island Welcome Aerial work are collectively attached as Exhibit "11".

66.     As is evident in the Singer Island Welcome Aerial work included in Exhibit 11, Plaintiff's CMI was included on the Singer Island Welcome Aerial work.

67.     Defendants Arcuri and One Sothebys utilized the Singer Island Welcome Aerial work registered under VA 2-059-014 to market the sale of several properties identified as Singer Island & Palm Beach Shores Homes by, at minimum, featuring the copyrighted Singer Island Welcome Aerial work on www.vickierealestate.com. A true and correct copy of a screenshot of the website as captured by Plaintiff is attached hereto as Exhibit 12, showing Defendant Vicki Arcuri, P.A. and Defendant One Sothebys listed as copyright owners on the webpage featuring the Singer Island Welcome Aerial work on the www.vickierealestate.com website.

68.     Plaintiff's CMI and other parts of the work were cropped prior to including Plaintiff's Singer Island Welcome Aerial work on the website collectively used by Defendants Arcuri and One Sothebys, as illustrated by Exhibit 12.

**Excelsior Boca Raton Aerial B 212 AAP**

69.     In 2012, Mr. Stevens (as an employee of AAP) created a photographic work published on September 3, 2012, depicting the Excelsior Condominiums ("Excelsior Boca Raton work") located in Boca Raton, Florida. Mr. Stevens is responsible for selecting the unique angles and perspectives for this work. In this case, specific technical choices made by Mr. Stevens further highlight the vibrant colors of the scenery, ultimately giving the work its originality and beauty.

70.     The photographic work was submitted for copyright registration in 2015 and obtained Registration Number VA 1-967-114 with an effective date of July 23, 2015. A true and

12

correct copy of VA 1-967-114 and the Excelsior Boca Raton work is collectively attached as Exhibit 13.

71.     As is evident in the Excelsior Boca Raton work included in Exhibit 13, Plaintiff's CMI was included on the Excelsior Boca Raton work.

72.     Defendants Arcuri and One Sothebys utilized the Excelsior Boca Raton work registered under VA 1-967-114 to market the sale of several properties within what is identified as the Excelsior Condo.

73.     Specifically, Defendants Arcuri, while under the supervision of Defendant One Sothebys, as their broker, utilized the copyrighted Excelsior Boca Raton work on the www.vickierealestate.com website. A true and correct copy of a screenshot of the website as captured by Plaintiff is attached hereto as Exhibit 14, showing Defendant Vicki Arcuri, P.A. and Defendant One Sothebys listed as copyright owners on the webpage featuring the Excelsior Boca Raton work on the www.vickierealestate.com website.

74.     Plaintiff's CMI and other parts of the work were cropped prior to including Plaintiff's Excelsior Boca Raton work on the website collectively used by Defendants Arcuri and One Sothebys, as illustrated in Exhibit 14.

75.     To further compound their unauthorized use of Plaintiff's Excelsior Boca Raton work, Defendants Arcuri also included the watermark, www.vickierealestate.com, to signify their wrongful ownership of Plaintiff's work. *See* Exhibit 14.

## ADDITIONAL FACTUAL BACKGROUND

76.      Mr. Stevens created the Copyrighted Works at issue in this case as either an employee of Plaintiff or an individual but later assigned the Copyrighted Works to Plaintiff.

77.     The Copyrighted Works are wholly original and the result of Mr. Stevens' creativity. Moreover, the Copyrighted Works are fixed in either a digital media format or a physical format.

78.     Plaintiff is the exclusive owner of all rights, titles, and interests in the Copyrighted Works, including all rights under copyright law.

79.     On information and belief, Defendants used the Copyrighted Works – without authorization, to sell real estate, where real estate prices generally exceeded one million dollars ($1,000,000.00).

80.     On information and belief, all listings were posted by Defendants Arcuri and with the knowledge of Defendant One Sothebys, who acted as employer, and broker in the advertisement and sale of these properties, had control over the actions of Defendants Arcuri, and is listed as the copyright owner on several webpages featuring the infringement of Plaintiff's Copyrighted Works, either by its own act, or by authorizing another.

81.     Defendants Arcuri's callous copying with respect to AAP's works is not limited to registered works. Though not registered, Defendants Arcuri also copied an image of the Seagate Residences Condo (hereinafter "Seagate Residence Condo") owned by AAP and cropped it to remove Mr. Stevens' name, which appears at the bottom of the original image. Attached hereto as Exhibit 15 is a composite of The Seagate Residences Condo work created by AAP, Defendants' Arcuri's infringing use of The Seagate Residences Condo work on www.vickyrealestate.com, and an illustration comparing AAP's The Seagate Residences Condo work and Defendants Arcuri's improper use of the work.

82.     Though not registered, Defendants Arcuri have also copied an image of the One Watermark Place (hereinafter "One Watermark Place") owned by AAP and cropped the work. Attached hereto as Exhibit 16 are a composite of One Watermark Place created by AAP,

Defendants Arcuri's infringing use of the work on www.vickyrealestate.com, and an illustration comparing AAP's One Watermark Place work to Defendants Arcuri's improper use of the work.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 2-097-651**
**(17 U.S.C. § 501)**
**(Against Defendants Arcuri and One Sothebys)**

83.     Plaintiff incorporates the allegations of paragraphs 1 through 32 and 76 through 80 of this Complaint as if fully set forth herein.

84.     The Aragon of Boca Aerial Front 2010 AAP work, protected under Registration No. VA 2-097-651 is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

85.     AAP owns a valid copyright in the Aragon of Boca Aerial Front 2010 AAP work.

86.     Defendants copied, altered, displayed, and/or distributed the Aragon of Boca Aerial Front 2010 AAP work without AAP's authorization in violation of 17 U.S.C. § 501.

87.     Defendants performed the acts alleged in the course and scope of its business activities.

88.     Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Aragon of Boca Aerial Front 2010 AAP work, as Plaintiff's copyright management information is clearly visible in the infringing use of the work and has enabled Defendants to obtain profit therefrom illegally.

89.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

90.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM VA 2-097-651
## (Against Defendants Arcuri)

91.     Plaintiff incorporates the allegations of paragraphs 1 through 32 and 76 through 82 of this Complaint as if fully set forth herein.

92.     As evidenced above, Registration No. VA 2-097-651 contains copyright management information identifying Plaintiff as the owner/creator of the Aragon of Boca Aerial Front 2010 AAP work.

93.     Defendants Arcuri knowingly and with the intent to enable or facilitate copyright and placed the watermark www.vickierealestate.com onto the Aragon of Boca Aerial Front 2010 AAP work.

94.     Defendants Arcuri committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Aragon of Boca Aerial Front 2010 AAP work.

95.     As a direct and proximate result of Defendants Arcuri's conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

96.     Defendants Arcuri's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendants.

## COUNT III
## PROVISION OF FALSE COPYRIGHT MANAGEMENT INFORMATION ON VA 2-097-651
## (Against Defendants Arcuri)

97.     Plaintiff incorporates the allegations of paragraphs 1 through 32 and 76 through 82 of this Complaint as if fully set forth herein.

98.    As evidenced above, Registration No. VA 2-097-651 contains copyright management information identifying Plaintiff as the owner/creator of the Aragon of Boca Aerial Front 2010 AAP work.

99.    Defendants Arcuri knowingly and intentionally placed the watermark, www.vickierealestate.com, onto the Aragon of Boca Aerial Front 2010 AAP work, before publishing the Aragon of Boca Aerial Front 2010 AAP work to the website, www.vickierealestate.com.

100.    Defendants Arcuri then furthered their infringement by listing Defendant Arcuri P.A. as the copyright owner of the webpage featuring the Aragon of Boca Aerial Front 2010 AAP work at or around the time the website was published.

101.    Defendants Arcuri committed the aforementioned acts to signify ownership of the Aragon of Boca Aerial Front 2010 AAP work, knowing this representation was false, and thereafter distributed this falsified information on the website, www.vickierealestate.com, for public consumption.

102.    Defendants Arcuri's intent in committing the aforementioned actions was to enable, facilitate, induce, or conceal infringement, as Defendants Arcuri knew that neither Defendant Arcuri nor Defendant Arcuri, P.A. is the owner of Plaintiff's work, and yet signified ownership by placing their watermark across the Aragon of Boca Aerial Front 2010 AAP work and listing Defendant Arcuri, P.A. as the copyright owner of the webpage.

103.    As a direct and proximate result of Defendants Arcuri's actions, Plaintiff has been damaged.

104.    Defendant Arcuri's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.

**COUNT IV**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 1-966-132**
**(17 U.S.C. § 501)**
**(Against Defendants Arcuri and One Sothebys)**

105.     Plaintiff incorporates the allegations of paragraphs 1 through 23, 33 through 41, and 76 through 80 of this Complaint as if fully set forth herein.

106.     The Bellaria Aerial A 2010 AAP work, protected under Registration No. VA 1-966-132, is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

107.     AAP owns a valid copyright in the Bellaria Aerial A 2010 AAP work.

108.     Defendants copied, altered, displayed, and distributed the Bellaria Aerial A 2010 AAP work without AAP's authorization in violation of 17 U.S.C. § 501.

109.     Defendants performed the acts alleged in the course and scope of its business activities.

110.     Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Bellaria Aerial A 2010 AAP work, as Plaintiff's copyright management information is clearly visible in the infringing use of the work and has enabled Defendants to obtain profit therefrom illegally.

111.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

112.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

**COUNT V**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM VA 1-966-132**
**(Against Defendants Arcuri)**

18

113.    Plaintiff incorporates the allegations of paragraphs 1 through 23, 33 through 41, and 76 through 82 of this Complaint as if fully set forth herein.

114.    As evidenced above, Registration No. VA 1-966-132 contains copyright management information identifying Plaintiff as the owner/creator of the Bellaria Aerial A 2010 AAP work.

115.    Defendants Arcuri knowingly and with the intent to enable or facilitate copyright infringement removed the copyright management information from the Bellaria Aerial A 2010 AAP work in violation of U.S.C. § 1202(b).

116.    Defendants Arcuri committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Bellaria Aerial A 2010 AAP work.

117.    As a direct and proximate result of Defendants Arcuri's conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

118.    Defendants Arcuri's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendants.

## COUNT VI
## PROVISION OF FALSE COPYRIGHT MANAGEMENT INFORMATION ON VA 1-966-132
### (Against Defendants Arcuri)

119.    Plaintiff incorporates the allegations of paragraphs 1 through 23, 33 through 41 and 76 through 82 of this Complaint as if fully set forth herein.

120.    As evidenced above, Registration No. VA 1-966-132 contains copyright

management information identifying Plaintiff as the owner/creator of the Bellaria Aerial A 2010 AAP work.

121.    Defendants Arcuri knowingly and intentionally placed the watermark, www.vickierealestate.com, onto the Bellaria Aerial A 2010 AAP work at or around the time of publishing the Bellaria Aerial A 2010 AAP work to the website, www.vickierealestate.com.

122.    Defendants Arcuri then furthered their infringement by listing Defendant Arcuri P.A. as the copyright owner of the webpage featuring the Bellaria Aerial A 2010 AAP work at or around the time the website was published.

123.    Defendants Arcuri committed the aforementioned acts to signify ownership over the Bellaria Aerial A 2010 AAP work, knowing this representation was false, and thereafter distributed this falsified information on the website, www.vickierealestate.com, for public consumption.

124.    Defendants Arcuri's intent in committing the aforementioned actions was to enable, facilitate, induce, or conceal infringement, as Defendants Arcuri knew that that neither Defendant Arcuri nor Defendant Arcuri, P.A. is the owner of Plaintiff's work, and yet signified ownership by placing their watermark across the Bellaria Aerial A 2010 AAP work, and listing Defendant Arcuri, P.A. as the copyright owner of the webpage.

125.    As a direct and proximate result of Defendants Arcuri's actions, Plaintiff has been damaged.

126.    Defendants Arcuri's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.

**COUNT VII**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 1-966-132**
**(17 U.S.C. § 501)**

**(Against Defendants Arcuri and One Sothebys)**

127.    Plaintiff incorporates the allegations of paragraphs 1 through 23, 42 through 49 and 76 through 80 of this Complaint as if fully set forth herein.

128.    The One Singer Island Aerial C 2010 AAP work, protected under Registration No. VA 1-966-132 is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

129.    AAP owns a valid copyright in the One Singer Island Aerial C 2010 AAP work.

130.    Defendants copied, altered, displayed, and distributed the One Singer Island Aerial C 2010 AAP work without AAP's authorization in violation of 17 U.S.C. § 501.

131.    Defendants performed the acts alleged in the course and scope of its business activities.

132.    Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the One Singer Island Aerial C 2010 AAP work, as Plaintiff's copyright management information, is clearly visible in the infringing use of the work and has enabled Defendants to obtain profit therefrom illegally.

133.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

134.    Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

**COUNT IX**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM VA 1-966-132**
**(Against Defendants Arcuri)**

135.    Plaintiff incorporates the allegations of paragraphs 1 through 23, 42 through 49, and 76 through 82 of this Complaint as if fully set forth herein.

21

136.   As evidenced above, Registration No. VA 1-966-132 contains copyright management information identifying Plaintiff as the owner/creator of the One Singer Island Aerial C 2010 AAP work.

137.   Defendants Arcuri knowingly and with the intent to enable or facilitate copyright infringement removed the copyright management information from the One Singer Island Aerial C 2010 AAP work in violation of U.S.C. § 1202(b).

138.   Defendants Arcuri committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the One Singer Island Aerial C 2010 AAP work.

139.   As a direct and proximate result of Defendants Arcuri's conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

140.   Defendants Arcuri's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendants.

## COUNT IX
## PROVISION OF FALSE COPYRIGHT MANAGEMENT INFORMATION ON VA 1-966-132
### (Against Defendants Arcuri)

141.   Plaintiff incorporates the allegations of paragraphs 1 through 23, 42 through 49, and 76 through 82 of this Complaint as if fully set forth herein.

142.   As evidenced above, Registration No. VA 1-966-132 contains copyright management information identifying Plaintiff as the owner/creator of the One Singer Island Aerial C 2010 AAP work.

143.    Defendants Arcuri knowingly and intentionally placed the watermark, www.vickierealestate.com, onto the One Singer Island Aerial C 2010 AAP work, at or around the time of publishing them to the One Singer Island Aerial C 2010 AAP work to the website, www.vickierealestate.com.

144.    Defendants Arcuri then furthered their infringement by listing Defendant Arcuri P.A. as the copyright owner of the webpage featuring the One Singer Island Aerial C 2010 AAP work at or around the time the website was published.

145.    Defendants Arcuri committed the aforementioned acts to signify ownership over the One Singer Island Aerial C 2010 AAP work, knowing this representation was false, and thereafter distributed this falsified information on the website, www.vickierealestate.com, for public consumption.

146.    Defendants Arcuri's intent in committing the aforementioned actions was to enable, facilitate, induce, or conceal infringement, as Defendants Arcuri knew that that neither Defendant Arcuri nor Defendant Arcuri, P.A. is the owner of Plaintiff's work, and yet signified ownership by placing their watermark across the One Singer Island Aerial C 2010 AAP work and listing Defendant Arcuri, P.A. as the copyright owner of the webpage.

147.    As a direct and proximate result of Defendants Arcuri's actions, Plaintiff has been damaged.

148.    Defendants Arcuri's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.

**COUNT X**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 2-098-016**
**(17 U.S.C. § 501)**
**(Against Defendants Arcuri and One Sothebys)**

149.    Plaintiff incorporates the allegations of paragraphs 1 through 23, 50 through 56, and 76 through 80 of this Complaint as if fully set forth herein.

150.    The Boynton Beach Inlet Aerial C 2009 AAP work, protected under Registration No. VA 2-098-016 is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

151.    AAP owns a valid copyright in the Boynton Beach Inlet Aerial C 2009 AAP work.

152.    Defendants copied, altered, displayed, and distributed the Boynton Beach Inlet Aerial C 2009 AAP work without AAP's authorization in violation of 17 U.S.C. § 501.

153.    Defendants performed the acts alleged in the course and scope of its business activities.

154.    Defendants' alleged infringing conduct was willful and with full knowledge of Plaintiff's rights in the Boynton Beach Inlet Aerial C 2009 AAP work, as Plaintiff's copyright management information is clearly visible in the infringing use of the work and has enabled Defendants to obtain profit therefrom illegally.

155.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

156.    Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein and an accounting of and a constructive trust with respect to such profits.

157.    Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendants' willful infringing conduct and such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

158.    Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**COUNT XI**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM VA 2-098-016**
**(Against Defendants Arcuri)**

159.    Plaintiff incorporates the allegations of paragraphs 1 through 23, 50 through 56, and 76 through 80 of this Complaint as if fully set forth herein.

160.    As evidenced above, Registration No. VA 2-098-016 contains copyright management information identifying Plaintiff as the owner/creator of the Boynton Beach Inlet Aerial C 2009 AAP work.

161.    Defendants Arcuri knowingly and with the intent to enable or facilitate copyright infringement removed the copyright management information from the Boynton Beach Inlet Aerial C 2009 AAP work in violation of U.S.C. § 1202(b).

162.    Defendants Arcuri committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Boynton Beach Inlet Aerial C 2009 AAP work.

163.    If Defendants Arcuri did not remove the copyright management information themselves, Defendants Arcuri caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Boynton Beach Inlet Aerial C 2009 AAP work.

164.    As a direct and proximate result of Defendants Arcuri's conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

165.    Defendants Arcuri's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendants.

**COUNT XII**

## PROVISION OF FALSE COPYRIGHT MANAGEMENT INFORMATION ON VA 2-098-016
### (Against Defendants Arcuri)

166.    Plaintiff incorporates the allegations of paragraphs 1 through 23, 50 through 56 and 76 through 82 of this Complaint as if fully set forth herein.

167.    As evidenced above, Registration No. VA 2-098-016 contains copyright management information identifying Plaintiff as the owner/creator of the Boynton Beach Inlet Aerial C 2009 AAP work.

168.    Defendants Arcuri knowingly and intentionally placed the watermark, www.vickierealestate.com, onto the Boynton Beach Inlet Aerial C 2009 AAP work, at or around the time of publishing the to the Boynton Beach Inlet Aerial C 2009 AAP work to the website, www.vickierealestate.com.

169.    Defendants Arcuri then furthered their infringement by listing Defendant Arcuri P.A. as the copyright owner of the webpage featuring the Boynton Beach Inlet Aerial C 2009 AAP work at or around the time the website was published.

170.    Defendants Arcuri committed the aforementioned acts to signify ownership over the Boynton Beach Inlet Aerial C 2009 AAP work, knowing this representation was false, and thereafter distributed this falsified information on the website, www.vickierealestate.com, for public consumption.

171.    Defendants Arcuri's intent in committing the aforementioned actions was to enable, facilitate, induce, or conceal infringement, as Defendants Arcuri knew that that neither Defendant Arcuri nor Defendant Arcuri, P.A. is the owner of Plaintiff's, and yet signified ownership by placing their watermark across the Boynton Beach Inlet Aerial C 2009 AAP work, and listing Defendant Arcuri, P.A. as the copyright owner of the webpage.

26

172.     As a direct and proximate result of Defendants Arcuri's actions, Plaintiff has been damaged.

173.     Defendant Arcuri's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.

**COUNT XIII**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 1-881-439**
**(17 U.S.C. § 501)**
**(Against Defendants Arcuri and One Sothebys)**

174.     Plaintiff incorporates the allegations of paragraphs 1 through 23, 57 through 63, and 76-80 of this Complaint as if fully set forth herein.

175.     The Point Manalapan work, protected under Registration No. VA 1-881-439 is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

176.     AAP owns a valid copyright in the Point Manalapan work.

177.     Defendants copied, altered, displayed, and distributed the Point Manalapan work without AAP's authorization in violation of 17 U.S.C. § 501.

178.     Defendants performed the acts alleged in the course and scope of its business activities.

179.     Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Point Manalapan work, as Plaintiff's copyright management information, is clearly visible in the infringing use of the work and has enabled Defendants to obtain profit therefrom illegally.

180.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

181.    Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

182.    Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendants' willful infringing conduct, and such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

183.    Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**COUNT XIV**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 2-059-014**
**(17 U.S.C. § 501)**
**(Against Defendants Arcuri and One Sothebys)**

184.    Plaintiff incorporates the allegations of paragraphs 1 through 23, 64 through 68, 76 through 80 of this Complaint as if fully set forth herein.

185.    The Singer Island Welcome Aerial Pano 2008 AAP work, protected under Registration No. VA 2-059-014 is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

186.    AAP owns a valid copyright in the Singer Island Welcome Aerial Pano 2008 AAP work.

187.    Defendants Arcuri copied, altered, displayed, and distributed the Singer Island Welcome Aerial Pano 2008 AAP work without AAP's authorization in violation of 17 U.S.C. § 501.

188.    Defendants Arcuri performed the acts alleged in the course and scope of its business activities.

28

189.     Defendants Arcuri infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Singer Island Welcome Aerial Pano 2008 AAP work, as Plaintiff's copyright management information is clearly visible in the infringing use of the work and has enabled Defendants to obtain profit therefrom illegally.

190.     As a direct and proximate result of Defendants Arcuri's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

191.     Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants Arcuri's profits attributable to Defendants Arcuri's infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

192.     Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendants Arcuri's willful infringing conduct, and such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

193.     Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**COUNT XV**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 1-967-114**
**(17 U.S.C. § 501)**
**(Against Defendants Arcuri and One Sothebys)**

194.     Plaintiff incorporates the allegations of paragraphs 1 through 23, 69 through 80 of this Complaint as if fully set forth herein.

195.     The Excelsior Boca Raton Aerial B 212 AAP work, protected under Registration No. VA 1-967-114 is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

196.     AAP owns a valid copyright in the Excelsior Boca Raton Aerial B 212 AAP work.

197.    Defendants copied, altered, displayed, and distributed the Excelsior Boca Raton Aerial B 212 AAP work without AAP's authorization in violation of 17 U.S.C. § 501.

198.    Defendants performed the acts alleged in the course and scope of its business activities.

199.    Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Excelsior Boca Raton Aerial B 212 AAP work, as Plaintiff's copyright management information is clearly visible in the infringing use of the work and has enabled Defendants to obtain profit therefrom illegally.

200.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

201.    Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

<u>**COUNT XVI**</u>
<u>**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM  VA1-967-114**</u>
<u>**(Against Defendants Arcuri)**</u>

202.    Plaintiff incorporates the allegations of paragraphs 1 through 23 and  69 through 82 of this Complaint as if fully set forth herein.

203.    As evidenced above, Registration No. VA1-967-114 contains copyright management information identifying Plaintiff as the owner/creator of the Excelsior Boca Raton Aerial B 212 AAP work.

204.    Defendants Arcuri knowingly and with the intent to enable or facilitate copyright infringement removed the copyright management information from the Excelsior Boca Raton Aerial B 212 AAP work in violation of U.S.C. § 1202(b). Defendants did not simply recklessly copy the Work in a pre-altered state; rather, Defendants deliberately caused the copyright

management information to be removed and placed the watermark, www.vickierealestate.com, on

the Excelsior Boca Raton Aerial B 212 AAP work.

205.    Defendants Arcuri committed these acts knowing or having reasonable grounds to

know that it would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the

Excelsior Boca Raton Aerial B 212 AAP work.

206.    If Defendants Arcuri did not remove the copyright management information

themselves, Defendants caused, directed, and authorized others to commit these acts knowing or

having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement

of Plaintiff's rights in the Excelsior Boca Raton Aerial B 212 AAP work.

207.    As a direct and proximate result of Defendants' Arcuri's conduct in removing the

foregoing copyright management information, Plaintiff has been damaged.

208.    Defendants Arcuri's conduct has caused, and any continued infringing conduct will

continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no

adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent

injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendants.

**COUNT XII**
**PROVISION OF FALSE COPYRIGHT MANAGEMENT INFORMATION ON 1-967-114**
**(Against Defendants Arcuri)**

209.    Plaintiff incorporates the allegations of paragraphs 1 through 23 and 69 through 82

of this Complaint as if fully set forth herein.

210.    As evidenced above, Registration No. VA   1-967-114 contains copyright

management information identifying Plaintiff as the owner/creator of the Excelsior Boca Raton

Aerial B 212 AAP work.

211.    Defendants Arcuri knowingly and intentionally placed the watermark,

www.vickierealestate.com onto the Excelsior Boca Raton Aerial B 212 AAP work, at or around

the time of publishing the to the Excelsior Boca Raton Aerial B 212 AAP work to the website, www.vickierealestate.com.

212.    Defendants Arcuri then furthered their infringement by listing Defendant Arcuri P.A. as the copyright owner of the webpage featuring the Excelsior Boca Raton Aerial B 212 AAP work at or around the time the website was published.

213.    Defendants Arcuri committed the aforementioned acts to signify ownership over the Excelsior Boca Raton Aerial B 212 AAP work, knowing this representation was false, and thereafter distributed this falsified information on the website, www.vickierealestate.com, for public consumption.

214.    Defendants Arcuri's intent in committing the aforementioned actions was to enable, facilitate, induce, or conceal infringement, as Defendants Arcuri knew that that neither Defendant Arcuri nor Defendant Arcuri, P.A. is the owner of Plaintiff's, and yet signified ownership by placing their watermark across the Excelsior Boca Raton Aerial B 212 AAP work., and listing Defendant Arcuri, P.A. as the copyright owner of the webpage.

215.    As a direct and proximate result of Defendants Arcuri's actions, Plaintiff has been damaged.

216.    Defendants Arcuri's conduct have caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, Affordable Aerial Photography, Inc. requests judgment against Defendants, Esther Victoria Arcuri, P.A., Esther V. Arcuri, and MDLV, LLC d/b/a One Sotheby's International Realty as follows:

A.     That Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, including enhanced damages for willful infringement, as provided in 17 U.S.C. § 504;

B.     That Plaintiff be awarded interest, including prejudgment and post-judgment interest, on the foregoing sums, according to law;

C.     That Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

D.     That Plaintiff be awarded such other, and further relief as the Court deems just and proper including but not limited to a permanent injunction enjoining Defendants from their continued infringement.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues for which there is a right jury trial.

DATED this 14th day of October 2022.

Respectfully Submitted,

BEUSSE SANKS, PLLC
157 E. New England Avenue, Suite 375
Winter Park, FL  32789
Telephone:(407) 644-8888
Email: tsanks@firstiniplaw.com
Email: agyebi@firstiniplaw.com
***Attorneys for Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC.***

*/s/ Amaris C. Gyebi*
Terry M. Sanks
Florida Bar No. 0154430
Amaris C. Gyebi
Florida Bar No. 1019361

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of October 2022, a true and correct copy of

the foregoing has been electronically provided to: Darren Joel Spielman, Esquire (dspielman@conceptlaw.com), The Concept Law Group, P.A.6400 North Andrews Avenue Suite 500 Ft. Lauderdale, FL 33316, and Eric W. Ostroff, Esquire (eostroff@melandbudwick.com), Meland Budwick, P.A. 200 South Biscayne Blvd. Suite 3200 Miami, FL 33131.


/s/ Amaris C. Gyebi
Attorney