IN THE UNITED STATED DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-CV-80559-CANNON

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,

v.

ESTHER VICTORIA ACURI, P.A. d/b/a
VICKI ARCURI REALTOR and d/b/a VICKI
ARCURI, P.A., a Florida Professional
Association, ESTHER V. ARCURI, an
individual, and MDLV, LLC d/b/a ONE
SOTHERBY'S INTERNATIONAL REALTY,
a Florida Limited Liability Company,

    Defendants.
_____/

## DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW Defendants, ESTHER VICTORIA ACURI, P.A d/b/a VICKI ARCURI REALTOR and d/b/a VICKI ARCURI, P.A., ESTHER V. ARCURI (collectively, the "Arcuri Defendants" or "Arcuri"), and MDLV, LLC d/b/a ONE SOTHEBYS INTERNATIONAL REALTY (hereinafter, "MDLV") (Arcuri and MDLV collectively, "Defendants") by and through their undersigned counsel, and pursuant to the Federal Rule of Civil Procedure 12(b)(6), hereby file this Joint Motion to Dismiss Plaintiff's, AFFORDABLE AERIAL PHOTOGRAPHY, INC.'s, (hereinafter "Plaintiff") Second Amended Complaint [D.E. 49] (hereinafter, "SAC"), and state as follows:

## INTRODUCTION AND SUMMARY OF THE ARGUMENTS

This action arises out of the alleged copyright infringement of professional real estate photographs. More specifically, Plaintiff alleges that Defendants have committed various copyright violations, including copyright infringement, removal of copyright management information ("CMI"), and the provision of false CMI as to various works Plaintiff's claims to have a valid copyright for. Specific to MDLV, Plaintiff alleges direct copyright infringement in Counts I, IV, VII, XI, XIV, XV, and XVI.[1] Plaintiff alleges each count listed as to the ARCURI Defendants.

Plaintiff's generalized conclusions fail to establish a factual basis for the claims alleged. As detailed further below, Defendants seek dismissal of all claims alleged in the Complaint, or, in the alternative, allow Plaintiff to amend the Complaint to meet the pleading standards.

## MEMORANDUM OF LAW

### I.  Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Forman v. Morris*, 2010 WL 2723189, at *3 (S.D. Fla. July 6, 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A pleading must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Forman*, 2010 WL 2723189, at *3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Garcia-Bengochea v. Carnival Corp.*, 407 F.

---

[1] Plaintiff commits a number error by labeling Counts IX, pg. 21, and Count X, pg. 22, "Count IX." Each Count following Count IX, pg. 21, is mislabeled by one number.

Supp. 3d 1281, 1285–86 (S.D. Fla. 2019), *motion to certify appeal denied*, 2019 WL 7945691 (S.D. Fla. 2019) (quoting *Iqbal*, 129 S.Ct. 1937, 1949). "Pleadings that 'are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" *Forman*, 2010 WL 2723189, at *3 (quoting *Iqbal*, 129 S.Ct. at 1950). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

"A motion for a more definite statement is appropriate where the pleading 'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" *Betancourt v. Marine Cargo Management, Inc.*, 930 F.Supp. 606, 608 (quoting Fed. R. Ci. P. 12(e)). "In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a 'short and plain statement of the claim" will suffice.'" *Betancourt*, 930 F. Supp. at 608 (quoting Fed. R. Civ. P. 8(a)(2)). "When the exhibits attached to the complaint contradict the general and conclusory allegations of the pleading, the exhibits govern." *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1288 (S.D. Fla. 2019), *motion to certify appeal denied*, 2019 WL 7945691 (S.D. Fla. 2019) (quoting *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1245 (11th Cir. 2016)).

A plaintiff in a copyright action must establish two elements: (1) that he or she owned a valid copyright in the work alleged to be infringed upon; and (2) that the defendant copied protected elements from that work. *See Yellow Pages Photos, Inc. v. YP, LLC*, 856 Fed. Appx. 846, 855 (11th Cir. 2021) (*citing Peter Letterese & Assocs., Inc. v. World Inst. Of Scientology Enters.*, 533 F.3d 1287, 1300 (11th Cir. 2008)); *see also Fodere v. Lorenzo*, 2011 WL 465468, at *3 (S.D. Fla. Feb. 4, 2011), *aff'd,* 441 F. App'x 666 (11th Cir. 2011), *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1232–33 (11th Cir.2010).

Although "information and belief pleading can sometimes survive a **motion** to **dismiss** ... [where] a plaintiff ... allege[s] specific facts to support a claim[, c]onclusory allegations made **upon information** and **belief** are not entitled to a presumption of truth, and allegations stated **upon information** and **belief** that do not contain any factual support fail to meet the [plausibility] standard." *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (alterations added; quotation marks and citations omitted).

## II. The Complaint Fails to Allege Facts Sufficient to State an Action for Direct Copyright Infringement Against Defendant MDLV

Plaintiff alleges claims for direct copyright infringement against MDLV in Counts I, IV, VII, XI, XIV, and XVI. Plaintiff does so by making conclusory statements that "Defendants copied, altered displayed, and/or distributed the [Aragon of Boca Aerial Front 2010 AAP work] without AAP's authorization in violation of 17 U.S.C. § 501." *See* ¶¶ 86, 108, 130, 152, 177, and 197 of Plaintiff's SAC. In order to make a claim for direct infringement, a plaintiff must plead facts sufficient to show that the plaintiff owns a valid copyright in the work alleged to be infringed upon, and that the <u>defendant</u> copied protected elements from that work. *See Yellow Pages Photos*, *supra*. Plaintiff fails to do more than make a conclusory statement that MDLV did anything with the works at issue, let alone copied and displayed them as required under the law. A mere conclusory statement is "not entitled to the assumption of truth." *See Forman*, *supra*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Again, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

In further explanation, Plaintiff incorporates by reference in each of the relevant counts in prior factual allegations. The allegations relevant to MDLV are as follows:

> ¶ 6 - "Upon information and belief, Defendants Acrcui, P.A. and/or E. Arcuri ("Defendants Arcuri") were employed by [MDLV] as real estate agents during the

period of infringement, and [MDLV] (sic) provided brokerage services to Defendants Arcuri";

¶ 9 - "Defendant [MDLV] later joined in on Defendants Arcuri's infringement of Plaintiff's (sic) Copyrighted Works by listing its name as a copyright owner on the webpages of the www.vickierealestate.com, which unauthorizedly featured Plaintiff's Copyrighted Works during Defendants Arcuri's employment with [MDLV]"; and

¶ 80 - "On information and belief, all listings were posed by Defendants Arcuri and with the knowledge of Defendant [MDLV], who acted as employer, and broker in the advertisement and sale of these properties, had control over the actions of Defendants Arcuri, and is listed as the copyright owner on several webpage featuring the infringement of Plaintiff's Copyrighted Works, either by its own act, or by authorizing another."

However, none of these factual allegations are sufficient to support an action for direct infringement. Paragraph 6 only alleges that Defendants Arcuri are employed by MDLV. This does not state any *direct* action by MDLV to commit copyright infringement. Paragraphs 9 and 80 are likewise insufficient. Plaintiff simply concludes that MDLV joined by allegedly listing its name on the website or had control over Defendant's Arcuri. Plaintiff fails to allege that MDLV took any action of its own to "copy[] the constituent elements of the work that are original." See *Yellow Pages Photos, supra.* Further, Plaintiff makes no allegations that MDLV had any actual control over the www.vickierealestate.com website to post the allegedly infringing photos or that MDLV took any action to find, obtain, and copy the alleged copyrighted works. This is further compounded by the fact that paragraph 80 is a conclusory allegation made on the basis of "on information and belief." *See Scott*, *supra*. Such allegations are not sufficiently plausible and should be disregarded. Thus, Plaintiff fails to allege any factual support for its claims that MDLV committed direct copyright infringement.

Similar to the Counts above, Count XV also styles itself as a claim for direct copyright infringement against MDLV. However, Count XV in fact does not even allege that MDLV had any role in copying, altering, distributing the Singer Island Welcome Aerial Pano 2008 AAP work.

Page 5

*See* ¶ 187 of Plaintiff's SAC. Plaintiff only alleges that Defendants Arcuri allegedly performed the acts. "Defendant's Arcuri" is a defined term in Plaintiff's SAC, including defendant Arcuri, P.A. and defendant Esther Victoria Arcuri, but not defendant MDLV. Thus, Count XV specifically fails for neglecting to even allege MDLV committed any alleged infringement and should be dismissed as against MDLV.

### III. Plaintiff's Allegations Are Contradicted by Themselves As Well As the Exhibits Attached to the Complaint

In Counts I, IV, VII, XI, XIV, and XVI, Plaintiff alleges that "Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the [Aragon of Boca Aerial Front 2010 AAP work], as Plaintiff's copyright management information is clearly visible in the infringing use of the work and has enabled Defendants to obtain profit therefrom illegally." *See* ¶¶ 88, 110, 132, 154, 179, and 199 of Plaintiff's SAC (emphasis added). However, these allegations are entirely contradictory to other allegations made in the Plaintiff's SAC. For each relevant count, Plaintiff also alleges that Defendants Arcuri in fact removed the copyright management information. *See* Counts II, V, IX, XII, XVII of Plaintiff's SAC. Additionally, Plaintiff's allege for each of the relevant pictures that "[a]s shown in [Exhibit 2], Plaintiff's CMI is not visible in Plaintiff's [Aragon of Boca Aerial work] on the www.vickierealestate.com website, collectively used by Defendants Arcuri and [MDLV]." *See* ¶¶ 31, 40, 48, 56, 63, and 74 of Plaintiff's SAC. In each instance Plaintiff alleges that the CMI has been removed, in direct contradiction to its later allegations that it appears on the allegedly infringing use. This can be further confirmed by the review of the alleged infringing use itself in Exhibits 2, 4, 6, 8, and 10. In each of these instances a careful review of the relevant picture demonstrates that Plaintiff's CMI

does not appear on the picture.[2] "When the exhibits attached to the complaint contradict the general and conclusory allegations of the pleading, the exhibits govern." *See Garcia-Bengochea, supra*.

Given that there are conflicting factual allegations made directly within the SAC and that the Exhibits themselves demonstrate that the allegations as made in each relevant Count are in fact false, Plaintiff's claims should be dismissed for failure to properly allege facts sufficient to state a claim.

### IV. Plaintiff's Complaint Fails to Properly Allege Actual Damages and Such Relief Should be Barred

As it relates to MDLV, Plaintiff's SAC is deficient in that it fails to demonstrate how the real-estate sales were connected to the use of the Plaintiff's alleged copyrighted pictures. Plaintiff requests "actual damages, plus any additional profits obtained by Defendants attributable to the infringement . . . ." *See, e.g.,* ¶ 11 of Plaintiff's SAC. Plaintiff also alleges that "[p]ursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits." *See* ¶¶ 90, 112, 134, 156, 181, 200 of Plaintiff's SAC. Additionally, Plaintiff alleges that "[o]n information and belief, Defendants used the Copyrighted Works – without authorization, to sell real estate, where real estate prices generally exceeded one million dollars ($1,000,000.00). *See* ¶79 of Plaintiff's SAC. However, as targeted towards MDLV, these allegations are insufficient to form the basis for such damages.

A copyright plaintiff "must allege a causal connection between the infringement and the profits claimed . . . and may not seek gross revenues based entirely on a speculative connection to

---

[2] This statement should not be taken as an admission that any Defendant in fact removed the CMI, directed anyone to do so, or was aware that any said information existed.

the plaintiff's claim." See *Microsoft Corp. v. Tech. Enterprises, LLC*, 805 F. Supp. 2d 1330, 1333 (S.D. Fla. 2011) (internal citations omitted); *see also*, *Thorton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1280 (M.D. Fla. 2008). As it relates to MDLV, the allegations as stated are completely speculative and vague. Plaintiff alleges in each of the relevant counts that "[u]pon information and belief, Defendant [MDLV] (sic) functioned as the real estate broker to the advertisement and sale of properties located at the [Aragon Condominiums] by Defendants Arcuri . . . and thus had a financial interest and control over the actions of Defendants Arcuri." See ¶¶ 29, 36, 45, 54, 60 and 72. However, once again these are conclusory allegations, fail to support any causal connection between damages and the alleged direct infringement against MDLV, and are made upon the basis of "on information and belief." As discussed above, such allegations are insufficient and should be disregarded. *See Scott*, supra. Additionally, Plaintiff does not allege any causal connection between the use of the pictures and sale of any property. Plaintiff simply alleges that the pictures were used and that the defendant real-estate agent and brokerage in fact sold real-estate. There is no temporal or causal connection drawn at all. Thus, the claims for such damages must be dismissed or stricken from the SAC.

**V.     The Complaint Impermissibly Lumps Defendants Together Without Alleging Any Specific Wrongdoing**

"When complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8." *Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018) (quoting *Joseph v. Bernstein*, 2014 WL 126008065, at *3 (S.D. Fla. 2014)). "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard Rule 8." *Lane v. Capital Acquisitions & Mgmt., Co*, 2006 WL 4590705, at *5 (S.D. Fla. 2006).

Where there are multiple defendants in an action, "the factual allegations must give each defendant fair notice of the nature of the claim and the grounds on which the claim rests." *Bernstein*, 2014 WL 12600805, at *3 (quoting *George & Co., LLC v. Alibaba.com, Inc.*, 2011 WL 681940, at *2 (M.D. Fla. Dec. 13, 2011) (citations omitted)). Moreover, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-82 (11th Cir. 1997).

"The Eleventh Circuit has explained that 'asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions' is improper." *NorthStar Moving Holding Co., Inc. v. Northstar Movers*, 2020 WL 3303972, at *2 (S.D. Fla. 2020) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). "This kind of shotgun pleading "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Id.*

Plaintiff lumps together several individuals and corporate entities to comprise "Defendants", collectively, in alleging conclusory statements without any further detail. More specifically, in Counts I, IV, VII, XI, XIV, and XVI Plaintiff alleges that the Defendants collectively, copied the allegedly copyrighted works, distributed further copies and "in the scope of "its business activities." *See* ¶ 86-87 of Plaintiff's SAC. These allegations appear in a similar fashion throughout the SAC in each relevant Count. However, by doing this, Plaintiff fails to give any of the Defendants notice of what specifically each is being accused of doing. By failing to specifically address the nature of each individual Defendant's alleged participation in the direct infringement, Defendants are unaware of how to address or disprove any alleged wrongdoing. This is specifically critical in this action in light of the other arguments raised herein relative to direct

infringement. Plaintiff has thus prejudiced Defendants in that regard and the claims should be dismissed, or, in the alternative, an order instructing a more definite statement as to these issues.

### VI. Plaintiff's Complaint Improperly Asserts Both False Provision and Removal of Copyright Management Information for Unregistered Images

SAC ¶81-82 alleges Defendants Arcuri copied two of Plaintiff's **unregistered** images, namely the "Seagate Residences Condo" (SAC Exh. 15) and "One Watermark Place" (SAC Exh. 16). The SAC expressly admits that these are unregistered works. (SAC ¶81 – 82). Plaintiff references these unregistered images when alleging Removal of Copyright Management Information or Provision of False Copyright Management Information ("CMI") against Defendants Arcuri.[3] The SAC Count XI does not include incorporation of these paragraph references.

Recent Supreme Court case law confirmed that a registration is a prerequisite to bring any copyright infringement action. "Time and again, then, Congress has maintained registration as prerequisite to suit, and rejected proposals that would have eliminated registration or tied it to the copyright claimant's application instead of the Register's action." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 203 L. Ed. 2d 147, 139 S. Ct. 881, 891 (2019)(affirming dismissal of copyright infringement where plaintiff failed to satisfy the precondition to suit, namely that registration is required to bring a copyright infringement lawsuit). The FAC alleges "infringing use" of each of these unregistered works and then uses an inconsistent smattering of some of the Counts incorporating by reference the factual paragraphs in support thereof.

Although the unregistered copyrights are not incorporated into the direct copyright infringement claims, the inclusion in some of the CMI counts still creates a pleading problem.

---

[3] These references are made in Count II, Count III, Count V, Court VI, Count IX, Second Count IX, Count XII, Count XVI, and Second misnumbered Count XII.

Under 17 U.S.C. § 1202, "[n]o person shall … intentionally remove or alter any copyright management information … knowing, or, … , having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an **infringement** of any right under this title." 17 U.S.C. §1202 (b) (emphasis added). The statute also provides, "[n]o person shall knowingly and with the intent to induce, enable, facilitate or conceal **infringement** -- provide copyright management information that is false …" 17 U.S.C. § 1202 (a) (emphasis added).  Under these causes of action, infringement is an essential element. Without registered copyrights in these images, the prerequisites for bringing a claim under the Digital Millennium Copyright Act ("DMCA") are not met. Thus, the unregistered images cannot be used as the basis for the Removal of Copyright Management Information or Provision of the False Copyright Management Information causes of action.

Given the context of infringement as an element of a CMI claim, and Plaintiff's allegation of infringing activity relating to these unregistered works, the final relief section provides the true reason for concern. The SAC Prayer for Relief shows that Plaintiff seeks damages "attributable to the infringement" without limitation to the specific works covered by the copyright registrations identified in the other portions of the SAC. This necessarily includes claims of infringement regarding these unregistered works and is improper. As a result, this SAC must be dismissed for alleging infringement of unregistered works, or at a minimum the paragraphs and exhibits related to these unregistered works must be struck.

**WHEREFORE,** Defendants, Arcuri and MDLV, respectfully request that this Court dismiss Plaintiff's Second Amended Complaint, or in the alternative, strike Plaintiff's plea of profits obtained by Defendants, and/or enter an Order for More Definite Statement.

Respectfully submitted on this 11th day of November 2022.

| **THE CONCEPT LAW GROUP, P.A.** | **COLE, SCOTT & KISSANE, P.A.** |
|---|---|
| *Attorneys for Defendants* | *Counsel for Defendant MDLV* |
| *Esther Victoria Arcuri, P.A. and* | Esperante Building |
| *Esther V. Arcuri* | 222 Lakeview Avenue, Suite 120 |
| 6400 North Andrews Avenue, Suite 500 | West Palm Beach, Florida 33401 |
| Fort Lauderdale, Florida 33309 | Telephone (561) 612-3459 |
| Telephone: 754-300-1500 | Facsimile (561) 683-8977 |
| | Email: justin.levine@csklegal.com |
| | Email: patricia.martel@csklegal.com |
| By: */s/ Darren Spielman* | By: */s/ Justin B. Levine* |
| Darren Spielman (FBN: 10868) | JUSTIN B. LEVINE |
| E-mail: dspielman@conceptlaw.com | Florida Bar No.: 106463 |
| | LIZZA C. CONSTANTINE |
| | Florida Bar No.: 1002945 |
| | NICHOLAS H. ESSER |
| | Florida Bar No.: 121832 |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of November 2022, a true and correct copy of the foregoing was filed with the Clerk of the court via CM/ECF, which will send notive of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant, MDLV, LLC D/B/A*
> *ONE SOTHEBY'S INTERNATIONAL REALTY*
> Esperante Building
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, FL 33401
> Tele.  (561) 383-9200
> Fax    (561) 683-8977
>
> By:    */s/ Nicholas Esser*
>        JUSTIN B. LEVINE
>        Florida Bar No.: 106463
>        NICHOLAS H. ESSER
>        Florida Bar No.: 121832